# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| Jacqueline M Sterling, Plaintiff, v. Southlake Nautilus Health & Racquet Club Inc., *et al.*, Defendants. | Case No. 2:16-CV-384 JVB |

## OPINION AND ORDER

As it pertains to this appeal, Appellant Jacqueline Sterling claimed in bankruptcy court that Appellees Southlake Nautilus Health & Racquet Club and the law firm of Austgen, Kuiper & Associates willfully violated that court's injunction against collecting her debts, *see* 11 U.S.C. § 524(a)(2), which resulted in her being arrested pursuant to a state court bench warrant. The bankruptcy court held a trial and found in favor of the Appellees. Sterling has appealed the bankruptcy court's judgment, but as sometimes is the case, the hurt and suffering Sterling experienced cannot be remedied through legal channels: her burden is just too high to prevail under the facts elicited at trial.

District courts have jurisdiction to hear appeals from the final rulings of bankruptcy courts. Findings of fact "shall not be send aside unless clearly erroneous." Bankruptcy Rule 8013. On the other hand, a bankruptcy court's legal rulings are reviewed de novo. *In re Newman*, 903 F.2d 1150 (7th Cir. 1990).

## A. Bankruptcy Court's Findings

Sterling's injuries arose out of Austgen's aggressive attempts to collect her debt through state court proceedings---even as, unbeknownst to it, Sterling's bankruptcy case was pending---and Sterling's failure to attend state court hearings. The following is a summary of the bankruptcy court's trial findings.

At the turn of the century, Sterling owed $518 to Southlake. Believing that Sterling would not pay the debt, Southlake referred her account to the Austgen law firm for collection. In 2001, the firm filed a collection action in state court. A year later, a default judgment was entered against Sterling in the amount $957. The firm then started supplemental proceedings to collect on the judgment. During this period, Sterling made sporadic payments on the debt but did not pay it in full.

In 2008, Sterling told an Austgen representative that she was planning to file for bankruptcy, but that didn't happen until the end of 2009.

When Sterling filed a Chapter 7 petition in the bankruptcy court, she listed Southlake, but not Austgen, on her Schedule F; nor did she provide notice of the bankruptcy in the state court case. By law, the notice is designed to protect the debtor from the creditors and operates as an injunction against collecting any debts.

The trial court found that the notice of Sterling's bankruptcy was mailed to and received by Southlake but Southlake did not pass it on to Austgen, even though its customary practice was to pass on such notices to Austgen. The trial court found that, although the notice was received at Southlake's office, Plaintiff was unable to prove that anyone at Southlake handled it.

Meanwhile, Austgen, unaware of the bankruptcy filing, resumed its supplemental proceedings against Sterling in state court. After Sterling failed to appear at the hearings,

Austgen petitioned for a bench warrant which the state court issued at the beginning of 2010, several months after Sterling's Chapter 7 petition had been filed.

In January 2011, the bankruptcy court discharged Sterling's debts, including the debt owed to Southlake.

In March 2011, Sterling was driving a car when it got a flat tire. A police officer stopped to assist her, but then to her surprise arrested her due to the outstanding warrant. Sterling spent three days in jail, until she was able to contact her bankruptcy attorney.

On the basis of these facts, the trial court found that Austgen did not act willfully to violate the bankruptcy court's injunction against collecting Sterling's debt because, since no notice was sent to it either by Sterling or Southlake, it was unaware of the bankruptcy filing. As for Southlake, the trial court found that, although the bankruptcy notice was properly mailed to and received at Southlake's office, no one at Southlake saw it or was aware of it. The trial court also found that Southlake did not have formal procedures for recording receipts of bankruptcy notices in cases which it had referred to Austgen for collection. The trial court found that no one at Southlake directed Austgen to take any specific action in relation to Sterling's debts, especially action related to supplemental proceedings in state court. As a result of these conclusions, the trial court found both Austgen and Southlake not liable because neither of them willfully acted contrary to the bankruptcy court's injunction.

**B. Bankruptcy court's factual findings were not clearly erroneous and its legal conclusions were not contrary to law**

At trial Sterling had the burden to prove by clear and convincing evidence that Southlake and Austgen willfully violated the bankruptcy court's injunction against collecting Sterling's debt. *See Manez v. Bridgestone Firestone N. Am. Tire*, 533 F.3d 578, 590 (7th Cir. 2008).

Willfulness, here, requires that the Appellees knew of the injunction and nevertheless acted contrary to its prohibitions.

On the basis of the facts presented at trial, bankruptcy court's findings cannot be disturbed. Sterling argues that Austgen knew of the bankruptcy proceedings because someone at Southlake must have sent the notice to Austgen as was Southlake's practice, but beyond that does not show why this Court should discount the bankruptcy court's findings. The bankruptcy court had the opportunity to hear and observe the witnesses and its finding that no one at Southlake forwarded Sterling's bankruptcy notice to Austgen is not clearly erroneous. Likewise, although Sterling insists that Austgen must have known of the bankruptcy and is now lying about it, she cannot show that the bankruptcy court's credibility findings are so off that they require reversal. To the contrary, this Court finds that the bankruptcy courts' findings are reasonable and consistent with the evidence. Since Austgen did not know about Snyder's bankruptcy, it cannot have been acting willfully to violate the injunction. Accordingly, the Court affirms the bankruptcy court's judgment in favor of Austgen.

Sterling next argues that, at the very least, because Southlake received the notice of her bankruptcy and subsequently failed to stop Austgen's supplemental proceedings, it should be liable for Austgen's violation of the injunction since Austgen was its agent. While this argument was not raised below, it's an obvious argument and the Court will consider it. Nonetheless it's an argument upon which Sterling cannot prevail under the circumstances.

When Southlake turned over Sterling's account for collection with Austgen, it made Austgen its collection agent. Whether Southlake had direct involvement into how Austgen was pursuing this debt is irrelevant as to the existence of the agency. So long as Austgen was acting within the scope of the delegation to collect the debt, its actions can be attributed to Southlake.

Therefore, if Sterling had been able to prove by clear and convincing evidence that Southlake received the notice of bankruptcy, knew about it, and yet intentionally chose to withhold it from Austgen, then it would be liable to Sterling. However, Sterling was able to prove only that Southlake received the notice of bankruptcy. Beyond that there's no evidence of anyone at Southlake knowing about the notice, let alone, intentionally hiding it from Austgen so as to keep its collection attempts alive despite the injunction. Yet, no such evidence exists. Accordingly, she cannot prevail against Southlake, and the Court affirms bankruptcy court's judgment in Southlake's favor.

### C. Conclusion

Finding no error in bankruptcy court's factual findings or its conclusions of law, the Court affirms the bankruptcy court's judgment.

Date: August 2, 2018

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE